Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000031
25-OCT-2013
10:56 AM

NO. CAAP-10-0000031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KNUD LINDGARD, Plaintiff-Appellant,
and
COLETTE ANDREE LINDGARD, Plaintiff-Appellee,
v.
RESIDUARY LIMITED PARTNERSHIP and KANEOHE RANCH COMPANY, LTD.,
Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 02-1-0439)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Plaintiff-Appellant Knud Lindgard (Lindgard), appearing
*pro se*, appeals from the Final Judgment (Final Judgment) filed on
September 1, 2010 in the Circuit Court of the First Circuit
(circuit court).[1]  Final Judgment was entered in favor of
Residuary Limited Partnership (Residuary) and Kaneohe Ranch
Company, Ltd. (Kaneohe Ranch) (collectively Defendants), and
against Lindgard, as to all claims raised in Lindgard's complaint
in accordance with the Order Granting Defendants' Motion for
Summary Judgment, filed on December 22, 2009.[2]  The claims in
this case pertain to residential property (the Property) that the
Lindgards leased from Kaneohe Ranch in 1970.

---

[1]  The Honorable Rhonda A. Nishimura presided.

[2]  Colette Andree Lindgard was named as a plaintiff in the complaint but
subsequently dismissed her claims.  She is not party to this appeal.

Lindgard's opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28. However, noncompliance with HRAP Rule 28 does not always result in dismissal of an appeal. Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012). Where possible, litigants are afforded the opportunity to have their cases addressed on the merits. Id.

The majority of Lindgard's arguments on appeal address issues that were litigated in two other cases -- S.P. No. 01-1-0204 and Civil No. 03-1-0607 -- and which are outside the scope of this appeal.[3] In particular, Lindgard asks this court to approve and recognize a real estate appraisal conducted by his chosen appraiser and to reverse an arbitration award which was previously confirmed by the circuit court and affirmed by this court. We will not address these issues because they are not germane to the Final Judgment from which Lindgard appeals in this case.

This case instead arises from Civil No. 02-1-0439, in which Lindgard filed a complaint on February 20, 2002, asserting five counts against the Defendants for: fraudulent representations regarding the presence of Chlordane on the Property (count I); fraudulent representations regarding the presence of fill on the Property (count II); material breach of implied warranties of habitability and fitness for use (count III); mistake of fact (count IV); and punitive damages (count V).

---

[3] See Kaneohe Ranch Co. v. Lindgard, 106 Hawai'i 516, 107 P.3d 1189, No. 25358 2005 WL 639714 (App. Mar. 18, 2005) (SDO) (in regard to S.P. No. 01-1-0204, affirming the circuit court's order confirming an arbitration award that determined net annual ground lease rent for the Property); Lindgard v. Residuary Ltd. P'ship, 113 Hawai'i 159, 149 P.3d 811, No. 26258 and 26612 2006 WL 3804416 (App. Dec. 27, 2006) (mem.) (2006 Lindgard Decision) (ruling, inter alia, that the circuit court properly determined that the Lindgards were delinquent in unpaid lease rent and that Residuary was entitled to possession of the Property). The 2006 Lindgard Decision dealt with both Civil No.03-1-0607 and this case, Civil No. 02-1-0439.

This is the second appeal related to Civil No. 02-1-0439. In the first appeal, this court vacated the circuit court's judgment for the Defendants which was based on a determination that Lindgard's claims were barred by a two-year statute of limitations. Lindgard v. Residuary Ltd. P'ship, 113 Hawai'i 159, 149 P.3d 811, No. 26258 and 26612 2006 WL 3804416 (App. Dec. 27, 2006) (mem.) (2006 Lindgard Decision). We determined instead that Counts I and II of the Lindgards' complaint were subject to a six year statute of limitations under HRS § 657-1(4) (1993). Id. at *7. For Counts III and IV, we determined that "the circuit court incorrectly held that the two-year statute of limitations prescribed by HRS §§ 657-7 or 657-8" applied because the claims were "couched in contract and did not seek compensation for damages arising from injury to persons or property, or construction to improve real property." Id. Count V, we determined, was subject to the statute of limitations for the other Counts. Id.

On remand, the Defendants filed another motion for summary judgment, which was granted by the circuit court. After the circuit court entered Final Judgment, this appeal followed. To the limited extent that it relates to this case, we discern from Lindgard's opening and reply briefs that he generally contests the circuit court's grant of summary judgment in favor of Defendants.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we conclude that Lindgard's appeal lacks merit and we resolve his appeal as follows.

We review "the circuit court's grant or denial of summary judgment de novo." Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

Count I of Lindgard's complaint alleges that when the Lindgards accepted an assignment of the lease for the Property in 1970, Kaneohe Ranch failed to disclose to them that the

3

Property's soil was contaminated by Chlordane, the presence of which allegedly endangered the safety of the Lindgards and their pets, and caused them harm. The Lindgards claimed that they would not have accepted the assignment of lease if they had been aware of the presence of the contamination.

Count II alleges that when the Lindgards accepted the assignment of the lease to the Property in 1970, Kaneohe Ranch failed to disclose that the soil on the Property was unstable canal fill that could not support the building and structures on the Property. The complaint alleges structural problems due to the soil.

Count III alleges that the presence of Chlordane and fill on the Property constituted a malicious and intentional breach of Kaneohe Ranch's implied warranties of habitability and fitness for use of the Property.

Count IV sought to rescind the lease assignment on the basis that there had been a mistake of fact and, hence, no meeting of the minds because the Lindgards were unaware of the presence of Chlordane or fill on the Property.

All of Lindgard's claims are based on his contentions that the Property was contaminated by Chlordane and/or that the soil was unstable due to the presence of fill. Based on the 2006 Lindgard Decision, a six year statute of limitations applies for counts I through IV.[4] Given the evidence adduced by the Defendants in support of their summary judgment motion on remand, and there having been no counter evidence submitted by Lindgard, there is no genuine issue of material fact that the statute of limitations expired by the time Lindgard filed his complaint on February 20, 2002.

---

[4] Although the 2006 Lindgard Decision did not expressly state that a six year statute of limitations period applied to counts III and IV, this court concluded that those counts sounded in contract. Therefore, we apply the six year limitations period set forth in HRS § 657-1(1) (1993).

4

We apply the discovery rule to determine when a statute of limitations begins to run. See Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc., 115 Hawai'i 232, 277, 167 P.3d 225, 270 (2007); Buck v. Miles, 89 Hawai'i 244, 250, 971 P.2d 717, 723 (1999); Yamaguchi v. Queen's Med. Ctr., 65 Haw. 84, 648 P.2d 689 (1982). "Under the discovery rule, a plaintiff need only have *factual* knowledge of the elements necessary for an actionable claim." Buck, 89 Hawai'i at 250, 971 P.2d at 723. The statute of limitations begins to run "the moment [the] plaintiff discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter." Id. at 249, 971 P.2d at 722 (internal quotation marks and citation omitted).

In support of their summary judgment motion, the Defendants submitted the deposition testimony of Lindgard which established that Lindgard contacted an attorney at the latest in 1993 because of health problems he believed were caused by the presence of contamination on the Property. With regard to the alleged fill and instability of the soil, Lindgard's deposition testimony establishes that he informed a representative of Kaneohe Ranch in 1990 that there were cracks in his house that were caused by the condition of the soil. Lindgard's deposition testimony also shows that in 1993, a water pipe on the Property broke and an employee of the Board of Water Supply told Lindgard it was due to movement of the pipe. A few days later, a nearby City water line broke due to ground movement and when the Board of Water Supply dug a trench to repair the line, Lindgard saw that there were different kinds of clay in the soil.

Therefore, based on the uncontested evidence in this case, by 1993, Lindgard had discovered or should have discovered the alleged acts, damages, and causation related to his claims. Thus, the statute of limitations for all of his claims was triggered no later than 1993. Lindgard did not file his complaint until February 2002, which at a minimum was nine years

after the statute of limitations began to run.  His claims are thus barred.

Therefore, IT IS HEREBY ORDERED that the Final Judgment entered in the Circuit Court of the First Circuit on September 1, 2010 is affirmed.

DATED:  Honolulu, Hawai'i, October 25, 2013.

On the briefs:

Knud Lindgard
Plaintiff-Appellant Pro Se

Paul S. Aoki
Connie C. Chow
(Ashford & Wriston)
for Defendants-Appellees

Presiding Judge

Associate Judge

Associate Judge

6